hended therefrom. The ordinance* is void in so far as it excludes an alien from operating a lodging house. Present — Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ.

In the Matter of the Intermediate Account of LOUIS CASPER, Committee of the Person and Property of JOHN W. CASPER, an Incompetent Person. UNITED STATES VETERANS BUREAU, Appellant; LOUIS CASPER, Committee, etc., of JOHN W. CASPER, an Incompetent Person, and AMERICAN SURETY COMPANY, Respondents.— Order confirming report of referee and amending and settling intermediate account affirmed, without costs. No opinion. Rich, Young and Scudder, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent, and are of opinion that there should be a surcharge for excess charges for automobile rides and clothing.

In the Matter of the Petition of JOHN NOWAK to Prove the Last Will and Testament of ROSALIE NOWAK, Late of the County of Kings, Deceased. JOHN NOWAK, Appellant; MARY BETKOWSKA, STANISLAW NOWAK and NICHOLAS NOWAK, Respondents.— Resettled order of the Surrogate's Court of Kings county vacating and setting aside order denying motion for a new trial and granting a new trial affirmed, in so far as appealed from, with costs to respondents payable out of the estate. No opinion. Rich, Hagarty and Scudder, JJ., concur; Lazansky, P. J., and Young, J., dissent.

CHARLES C. JAMES, Respondent, v. ALDERTON DOCK YARDS, LTD., Appellant.— Order denying motion to dismiss complaint for insufficiency affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within twenty days from service of a copy of the order herein upon payment of such costs. No opinion. Rich, Young, Kapper and Carswell, JJ., concur; Lazansky, P. J., dissents, being of opinion that this is not a case for a declaratory judgment.

JULIA KAVANAGH, Appellant, v. GIMBEL BROTHERS, INC., Respondent.— Order granting defendant's motion for a physical and oral examination of plaintiff modified by eliminating all the items therein except items " b " and " c," and as thus modified affirmed, with ten dollars costs and disbursements to appellant; examination to proceed on five days' notice at same place and hour. One group of items (a-1, a-2 and a-5) thus eliminated relates to matters not shown to be within the personal knowledge of the plaintiff, but, on the contrary, appear to be within the personal knowledge of defendant. The other group of items (a-3, a-4, a-6 and d) is in effect a cross-examination of plaintiff with respect to matters upon which she has the burden of proof under the complaint, and, therefore, in the proper exercise of discretion, may not be made the subject of an examination of plaintiff by defendant in advance of trial. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

MATILDA M. LION and Others, Respondents, v. BARBARA M. WRIGHT, Appellant.— Order, in so far as it denies defendant's motion to direct plaintiffs to serve a verified reply to the first, second and third separate defenses contained in the second amended answer affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

MINNIE LIPSHITZ, Appellant, v. LOUIS LIPSHITZ, Respondent.— Order granting reargument, and on reargument fixing amount of counsel fee at $100, affirmed,

* See White Plains Hotel, Lodging and Rooming House License Ordinance of February 25, 1929, effective May 1, 1929.— [REP.

in so far as appealed from, without costs. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

MINNIE LIPSHITZ, Respondent, v. LOUIS LIPSHITZ, Appellant.— Judgment reversed upon the law and the facts, without costs, and complaint dismissed, without costs, upon the ground that plaintiff failed to prove facts sufficient to constitute a cause of action. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Hagarty, Carswell and Scudder, JJ., concur; Lazansky, P. J., dissents and votes for a new trial upon the ground that the determination of the trial court was against the weight of the evidence; Young, J., dissents and votes to affirm. Settle order on notice.

LONG ISLAND LAUNDERERS, INC., Respondent, v. CALVIN PRINCE and JOHN BEYL, Appellants.— Judgment modified by providing, instead of the injunctive provisions thereof, that defendants be restrained, during the periods mentioned in the judgment, from (a) directly or indirectly doing a laundry business or engaging in any laundry transactions with any customer of plaintiff with whom defendants had such business and transactions in behalf of plaintiff while in its employ, and (b) from soliciting, directly or indirectly, the customers whom they served while in the employ of plaintiff, and from working, directly or indirectly, for themselves or for any one else in collecting, delivering or soliciting laundry in the territory in which they worked as laundry drivers while in the employ of plaintiff. As so modified, the judgment, in so far as appealed from, is unanimously affirmed, with costs to appellants, on authority of *Clark Paper & Mfg. Co. v. Stenacher* (236 N. Y. 312). Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ. Settle order on notice.

FRANK M. MATHIEU, Trading and Doing Business under the Firm Name or Style of LINK ELECTRIC SALES, Appellant, v. THE HOOVER COMPANY, Respondent.— Order denying plaintiff's motion to strike out answer as sham and frivolous and for judgment affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

THOMAS P. NOONAN, Respondent, v. ALEXANDER MARGOLIS, Appellant.— Order of the County Court of Westchester county reversing judgment of the City Court of New Rochelle and directing judgment for plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ.

MARTIN L. O'HARA, Respondent, v. BRONX CONSUMERS ICE COMPANY, Appellant.— Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs. In this action to recover a real estate broker's commission, it appears that the proposed purchasers desired to use the property to erect a public garage. Before the contract was delivered, the purchasers ascertained that there was a restrictive covenant of record against " any noxious, offensive or dangerous trade or business." Such a covenant does not prevent the erection and maintenance of a public garage. (*Goldstein* v. *Rosenberg*, 191 App. Div. 492; affd., 232 N. Y. 535.) The purchasers, therefore, were not justified in refusing to execute and deliver the contract, and it follows that respondent failed to produce